UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAYLA JOHNSON** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE:** |
| **MEGABUS SOUTHEAST, LLC, COACH USA, INC, GREENWICH INSURANCE COMPANY AND RODNEY TURNER** | **MAG. JUDGE:** |
| | **SECTION:** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendants, Megabus Southeast, LLC, Coach USA, Inc., Greenwich Insurance Company, and Rodney Turner which respectfully file this Notice of Removal of the cause from the Civil District Court for the Parish of Orleans, State of Louisiana, *Kayla Johnson vs. Megabus Southeast, LLC, Coach USA, Inc. Greenwich Insurance Company and Rodney Turner,* to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446. Defendant files this Notice of Removal with full reservation of any and all rights, defenses and objections. In support of this Notice of Removal, the Petitioners state as follows:

## INTRODUCTION

1.

On April 6, 2017, Plaintiff, Kayla Johnson, filed a personal injury lawsuit against Megabus Southeast, LLC, Coach USA, Inc., Greenwich Insurance Company and Rodney Turner in the Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 2017-03283, Division "J", entitled "*Kayla Johnson vs. Megabus Southeast, LLC, Coach USA, Inc. Greenwich Insurance Company and Rodney Turner.*" A true and correct copy of the *Petition for Damages*,

and all pleadings are attached hereto *in globo* as **Exhibit "A"** in accordance with 28 U.S.C. §§1446(a), 1447(b).

2.

The Plaintiff's lawsuit arises from an alleged incident in New Orleans, Louisiana, on May 13, 2016 while traveling on Interstate 10 when her vehicle made contact with a motor coach driven by Megabus Southeast, LLC employee, Rodney Turner. Plaintiff alleges that he suffered injuries as a result of the accident.

3.

Plaintiff, Kayla Johnson, alleges that on May 13, 2016, Megabus's driver, Rodney Turner, was negligent in his operation of a Megabus motor coach by failing to failing to maintain control of the vehicle, among other things, thereby causing an accident. Plaintiff alleges that Coach USA, Inc. and Megabus Southeast, LLC are vicariously negligent for Mr. Turner's actions. *See* Petition at ¶¶ XIII – XV in **Exhibit "A"**.

4.

Plaintiff also named Greenwich Insurance Company as the alleged insurer of Megabus Southeast, LLC and Coach USA, Inc. See Paragraph XVI of Exhibit A.

## DIVERSITY JURISDICTION EXISTS

5.

Based on the information in *Petition for Damages*, Plaintiff, Kayla Johnson is domiciled in Jefferson Parish in the State of Louisiana.

6.

Megabus Southeast, LLC is alleged to be a foreign limited liability company. Indeed, it is organized under laws of the State of Rhode Island. Citizenship for limited liability companies is

determined by the states of their members. Megabus's single member is Independent Bus Services, Inc., a New Jersey Corporation with its principal place of business in New Jersey. Therefore, Megabus Southeast, LLC is a New Jersey domiciliary for purposes of diversity. See Exhibit B.

7.

Coach USA, Inc. is alleged to be a foreign corporation doing business. Plaintiff's allegation is correct. Coach USA, Inc. is a Delaware Corporation with its principal place of business in Paramus, New Jersey. See Exhibit C.

8.

Plaintiff alleges that Greenwich Insurance Company is a foreign insurer licensed to do business in the State of Louisiana. Indeed, the Louisiana Department of Delaware lists the domicile of Greenwich as Delaware. See Exhibit D.

9.

Mr. Turner is a resident of Georgia. Thus, complete diversity exists. As of the filing of this removal,

10.

Accordingly, the parties are completely diverse in their citizenship and the court has original jurisdiction pursuant to 28 U.S.C. §§1332 and 1441.

**THE AMOUNT IN CONTROVERSY IS SATISFIED**

11.

La. C.C.P. Art. 893 specifically prohibits the pleading of the amount of monetary damages sought, and Plaintiff's *Petition for Damages* did not set forth the specific amount of damages sought. However, Claimants' *Petition for Damages* did not comply with the Louisiana

3

Code of Civil Procedure. More specifically, the *Petition for Damages* was deficient in that it did not contain a general allegation that the claims were more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by La. C.C.P. Art. 893.

12.

Prior to June 12, 2017, information provided by Plaintiff did not indicate that Plaintiff sought more than $75,000. Indeed, pre-suit negotiations indicated the amount at issue was substantially less than $75,000.

13.

On or about May 20, 2017 Plaintiff had only indicated that she received chiropractic treatment for her alleged injuries in the amount of $8,392.00. See Exhibit E. The injuries are at most minor bulges. See Exhibit F. At the time of the MRI referencing the minor bulges, the need for additional treatment was questionable. *Id.*

14.

On June 5, 2017 Defendants answered the petition, See Exhibit A en globo, and on June 6, 2017, Defendants issued a Request for Admission to Plaintiff seeking an admission that this case did not involve an amount in controversy above $75,000. See Exhibit G.

15.

On June 12, 2017, Plaintiff's counsel responded via email denying Defendants' Request for Admission and advising that he "think[s] the client is scheduled for an ESI" and after that we can discuss the value of the case. See Exhibit H.

16.

Based on MRI indications and information suggesting that Plaintiff may be a candidate for an ESI, it can be expected with reasonable certainty that each of the Plaintiff's cause of action would yield damages in excess of $75,000, exclusive of costs and interest. 28 U.S.C. § 1332 (a).

17.

In Louisiana courts, general damages awards for the injuries involving a herniated or bulging discs with a recommendation for an epidural steroid injections, can merit awards in excess of $75,000. *See Trahan v. Deville*, 2005-1482 (La. App. 3 Cir. 5/10/06); 933 So. 2d 187 (awarding $75,000 in general damages plus $22,938 in medical expenses for unspecified neck injuries that required massage therapy and epidural steroid injections); *Duchamp v. State Farm Mut. Auto. Ins. Co.,* 2005-339 (La. App. 3 Cir. 11/2/05); 916 So. 2d 498) (a judge raised a jury award to total $144,000 in general damages for a herniated cervical disc that continued to cause neck pain); *Ruffin v. Burton*, 2008-0893 (La. App. 4 Cir. 5/27/09); 34 So. 3d 301 (judge awarded a plaintiff $125,000 in general damages plus $8,666 in medical expenses to a plaintiff that suffered a C5-6 bulge with no nerve impingement). In this matter, the known medical expenses are $8,392.00. If, as Plaintiff's counsel suggested on June 12, 2017, this matter involves injuries requiring epidural steroid injections, then the amount in controversy potentially exceeds, $75,000.

## **THE NOTICE OF REMOVAL IS TIMELY**

18.

Plaintiff's Petition for Damages was filed on April 6, 2017. However, at that time, the amount in controversy was uncertain. Defendant's first indication that Plaintiff's claim may exceed $75,000 came on June 12, 2017 when Plaintiff's counsel suggested for the first time that

5

this matter may involve epidural steroid injections which indicates that the injuries may be more significant than a sprain or strain. This email and denial of Defendants' request for admission constitutes "other paper" that would first give notice to Defendant that Plaintiff's claim may exceed $75,000.

19.

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate Notice of this Removal to the Claimant and to the Clerk of Court for the Civil Judicial District Court for the Parish of Orleans, State of Louisiana.

20.

Defendant reserves the right to amend or supplement this Notice of Removal.

21.

Defendant reserves all rights to assert and plead any and all defenses to the claim, including but not limited to those defenses specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure.

**JURY DEMAND**

22.

Defendant is entitled to and requests a trial by jury on all issues herein.

WHEREFORE, Defendant, Coach USA, Inc., prays that the action entitled *"Kayla Johnson vs. Megabus Southeast, LLC, Coach USA, Inc. Greenwich Insurance Company and Rodney Turner,"* pending in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Docket No. 2017-03283, Division "J", be removed from the state court docket to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**PERRIER & LACOSTE, LLC**

*/s/ Curt L. Rome*

_____
GUY D. PERRIER, T.A., #20323
gperrier@perrierlacoste.com
CURT L. ROME, #29406
crome@perrierlacoste.com
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820; Fax: (504) 212-8825
**ATTORNEYS FOR DEFENDANTS, MEGABUS SOUTHEAST, LLC, COACH USA, INC., GREENWICH INSURANCE COMPANY, AND RODNEY TURNER**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 27th day of June, 2017, at their last known address of record.

*/s/ Curt L. Rome*

_____
CURT L. ROME