**CT Corporation**

**Service of Process Transmittal**
04/17/2017
CT Log Number 531062152

**TO:** Donna Adams Harris
Norton Rose Fulbright L.L.P.
1301 McKinney St Ste 5100, Fulbright Tower
Houston, TX 77010-3095

**RE:** Process Served in Louisiana

**FOR:** Megabus Southeast, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KAYLA JOHNSON, Pltf. vs. MEGABUS SOUTHEAST, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | DISTRICT COURT - PARISH OF ORLEANS, LA
Case # 201703283 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - On or about May 13, 2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/17/2017 at 10:20 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after the service |
| **ATTORNEY(S) / SENDER(S):** | Timothy R. Richardson
Usry, Weeks, & Matthews
1615 Poydras Street Suite 1250
New Orleans, LA 70112
504-592-4600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/17/2017, Expected Purge Date: 04/22/2017

Image SOP

Email Notification, Donna Adams Harris donnaadams.harris@nortonrosefulbright.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 3867 Plaza Tower Dr.
Baton Rouge, LA 70816-4378 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of 1 / AR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A

ATTORNEY'S NAME: Richardson, Timothy R 27625
AND ADDRESS: 1615 Poydras Street, Suite 1250, New Orleans, LA 70112

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

| NO: 2017-03283 | DIVISION: J | SECTION: 05 |
|---|---|---|

**JOHNSON, KAYLA**

Versus

**MEGABUS SOUTHEAST, LLC ET AL**

### CITATION

TO: MEGABUS SOUTHEAST, LLC
THROUGH: ITS REGISTERED AGENT: CT CORPORATION SYSTEMS
3867 PLAZA TOWER DRIVE, BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 7, 2017

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by
Amber Sheeler, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of ____ served a copy of the within Petition for Damages ON MEGABUS SOUTHEAST, LLC THROUGH: ITS REGISTERED AGENT: CT CORPORATION SYSTEMS Returned the same day No. ____ Deputy Sheriff of ____ Mileage: $ ____ / ENTERED / PAPER    RETURN / / SERIAL NO.   DEPUTY   PARISH | On this ____ day of ____ served a copy of the within Petition for Damages ON MEGABUS SOUTHEAST, LLC THROUGH: ITS REGISTERED AGENT: CT CORPORATION SYSTEMS by leaving same at the dwelling house, or usual place of abode, in the hands of ____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said MEGABUS SOUTHEAST, LLC being absent from the domicile at time of said service. Returned the same day No. ____ Deputy Sheriff of ____ |

ID: 9613820

Page 1 of 1

FILED
2017 APR -6 P 1:35
US DIST CIVIL
COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: DIVISION: " "

KAYLA JOHNSON

VERSUS

MEGABUS SOUTHEAST, LLC; COACH USA, INC.;
GREENWICH INSURANCE COMPANY; and RODNEY TURNER

FILED: _____     _____
                                    DEPUTY CLERK

## PETITION FOR DAMAGES

I.

Made petitioner herein is KAYLA JOHNSON (Johnson), a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana.

II.

Made defendant herein is MEGABUS SOUTHEAST, LLC ("Megabus"), a foreign limited liability company authorized to do and doing business in the Parish of Orleans, State of Louisiana.

III.

Made defendant herein is COACH USA, INC. ("Coach"), a foreign limited liability company authorized to do and doing business in the Parish of Orleans, State of Louisiana

IV.

Made defendant herein is GREENWICH INSURANCE COMPANY ("Greenwich"), a foreign corporation authorized to do and doing business in the Parish of Orleans, State of Louisiana..

V.

Made defendant herein is RODNEY TURNER ("Turner"), a person of the full age of majority domiciled in the State of Georgia.

VI.

Venue is appropriate in this jurisdiction because the incident which is the subject matter of this litigation occurred in the Parish of Orleans, State of Louisiana.

VII.

The defendants, Megabus, Coach, Greenwich and Turner, are indebted unto your petitioners, jointly, severally and in solido for the following reasons to-wit:

VIII.

On or about May 13, 2016, plaintiff, Johnson was traveling east on Interstate-10 and slowed for traffic congestion.

IX.

Turner was operating a 2013 Vanhoo Megabus behind Johnson.

X.

Turner did not notice the traffic congestion and struck the rear of Johnson's vehicle pushing her into the rear of another vehicle.

XI.

Petitioner avers that Turner, was under a legal duty to operate his vehicle in safe and prudent manner, including, but not unlimited to, avoiding striking the vehicle driven by Johnson. This legal duty was designed to protect petitioners and those similarly situated from this type of harm arising in this manner.

XII.

Petitioner further represents that Turner breached this legal duty which such breach was a legal cause and a cause in fact of the injuries sustained by petitioners and further, a sole and proximate cause of their damages without any comparative negligence on the part of your petitioner.

XIII.

Turner committed the following, non-exclusive acts of negligence to-wit:

A. Failing to maintain control of a vehicle and/or failing to properly legally operate a vehicle;

B. Operating a vehicle in a careless manner;

C. Failing to stop a vehicle a required by law;

    D.      Driving at an excessive speed under the circumstances which prevented the defendant from causing a collision;

    E.      Failing to maintain a safe and proper lookout;

    F.      Failing to see what he should have seen;

    G.      Failing to observe the vehicle operated by Johnson;

    H.      Failing to exercise reasonable vigilance;

    J.      Failing to stop;

    K.      Failing to obey the traffic laws of the Parish of Orleans and/or the State of Louisiana;

    L.      Any and all other non-exclusive acts of negligence which are inherent in these pleadings or which may appear through discovery in this case or which may be proven at trial in derogation of laws of the State of Louisiana and the United States.

XIV.

At all material times herein, on information and belief, the defendant, Tuner was in the course and scope of his employment with Coach and Megabus; was performing work in furtherance of the trade and business of Coach and Megabus; was being paid by Coach and Megabus at the time of the incident and was under the direction and control of Coach and/or Megabus at the time of the incident.

XV.

Plaintiff pleads the theories of respondeat superior and vicarious liability against Coach and Megabus due to the actions and inactions of Turner.

XVI.

At all material times herein, on information and belief, the defendant, Greenwich had in full force and effect a policy of liability insurance which was issued in favor of all defendants as direct and/or omnibus insureds, which provided insurance coverage against the risk of loss arising from operation of the vehicle Turner was driving and which is the subject matter of this suit and which inures to the benefit of petitioners and others similarly situated, arising from the events described

3

herein, and as such, Greenwich is made a direct defendant pursuant to the Louisiana Direct Action Statute.

XVII.

As a result of the foregoing, petitioner, Johnson has been caused to sustain the following damages, more particularly, but non-exclusively described as follows:

| | | |
|---|---|---|
| A. | Past, present and future physical pain and suffering | Reasonable |
| B. | Past, present and future mental anguish and anxiety | Reasonable |
| C. | Past, present and future medical and rehabilitation expenses | Reasonable |
| D. | Loss of enjoyment of life | Reasonable |
| E. | Property Damage | Reasonable |
| | **Total** | Reasonable |

XVIII.

**WHEREFORE**, petitioner KAYLA JOHNSON, prays that:

A. Defendants, MEGABUS SOUTHEAST, LLC; COACH USA, INC.; GREENWICH INSURANCE COMPANY; and RODNEY TURNER, herein be duly cited and served a copy of this Petition and be required to answer same within the delays provided by law;

B. After due proceedings had, there be judgment herein in favor of Petitioner, KAYLA JOHNSON, and against the defendants herein, MEGABUS SOUTHEAST, LLC; COACH USA, INC.; GREENWICH INSURANCE COMPANY; and RODNEY TURNER, jointly, severally and in solido for all sums necessary and appropriate in the premises along with judicial interest made in the judicial demand and all costs of these proceedings; and

C. For all general equitable and relief.

Respectfully submitted,

_____
TIMOTHY R. RICHARDSON (#27625)
FREEMAN R. MATTHEWS (#9050)
**Usry, Weeks & Matthews, APLC**
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Telephone:   (504) 592-4600
Facsimile:   (504) 592-4641
Attorney for Petitioner

4

**PLEASE SERVE:**

Greenwich Insurance Company
*through its registered agent:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

Coach USA, Inc. (*Louisiana Long Arm Statute*)
*through it registered agent:*
Ross Kinnear
160 S. Route 17 North
Paramus, New Jersey 07652

Megabus Southeast, LLC
*through it registered agent:*
CT Corporation Systems
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

Rodney Turner (*Louisiana Long Arm Statute*)
1706 Littlebrook
Conyers, Georgia 30094



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2017-03283　　　　　　　　DIV. "J"　　　　　　　　SEC.: 05

KAYLA JOHNSON

VERSUS

MEGABUS SOUTHEAST, LLC; COACH USA, INC.; GREENWICH INSURANCE COMPANY; and RODNEY TURNER

FILED: _____　　　_____
　　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

## ANSWER AND DEFENSES TO PLAINTIFF'S PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come defendants Megabus Southeast, LLC, Coach USA, Inc., Greenwich Insurance Company, and Rodney Turner ("Defendants") and submit this answer and defenses to Plaintiff's Petition for Damages ("Petition").

1.

Defendants deny the allegations contained in Paragraph I of the Petition for a lack of information sufficient to justify a belief in the facts contained therein.

2.

Defendants admit that Megabus is a foreign limited liability company.

3.

Defendants deny the allegations contained in Paragraph III of the Petition.

4.

Defendants deny the allegations contained in Paragraph IV of the Petition for a lack of information sufficient to justify a belief in the facts contained therein.

5.

Defendants admit the allegations contained in Paragraph V of the Petition.

6.

Paragraph VI of the Petition requires a legal conclusion and does not require a response; however, to the extent this Honorable Court requires a response, Defendants deny the allegations

contained therein for a lack of information sufficient to justify a belief in the facts contained therein.

7.

Defendants deny the allegations contained in Paragraph VII of the Petition.

8.

Defendants deny the allegations contained in Paragraph VIII of the Petition for a lack of information sufficient to justify a belief in the facts contained therein.

9.

Defendants admit the allegations contained in Paragraph IX of the Petition.

10.

Defendants deny the allegations contained in Paragraph X of the Petition except to admit that an accident did occur.

11.

Defendants deny the allegations contained in Paragraph XI of the Petition for a lack of sufficient information to justify a belief in the facts contained therein.

12.

Defendants deny the allegations contained in Paragraph XII of the Petition for a lack of sufficient information to justify a belief in the facts contained therein.

13.

Defendants deny the allegations contained in Paragraph XIII of the Petition for a lack of sufficient information to justify a belief in the facts contained therein.

14.

Defendants deny the allegations contained in Paragraph 14 of the Petition for a lack of sufficient information to justify a belief in the facts contained therein.

15.

Defendants deny the allegations contained in Paragraph 15 of the Petition for a lack of information sufficient to justify a belief in the facts contained therein.

16.

Defendants deny the allegations contained in Paragraph 16 of the Petition for a lack of information sufficient to justify a belief in the facts contained therein.

17.

Defendants deny the allegations contained in Paragraph 17 of the Petition for a lack of information sufficient to justify a belief in the facts contained therein.

18.

Defendants deny the allegations contained in Paragraph 18 of the Petition for a lack of information sufficient to justify a belief in the facts contained therein.

19.

Defendants deny any allegations not specifically admitted herein including any allegation contained in the introductory and/or WHEREFORE paragraphs of the Petition.

### AFFIRMATIVE DEFENSES

AND NOW IN FURTHER ANSWERING, Defendants submit the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff's injuries, if any, were caused by and/or contributed to by the negligence of Plaintiff or by the negligence, fault, strict liability and/or absolute liability of other persons and/or entities for whom or for which Defendants may not be held responsible or accountable, all of which reduces, mitigates, or negates any award or recovery of damages herein.

### SECOND AFFIRMATIVE DEFENSE

Defendants affirmatively denies that the Plaintiff's injuries and damages were caused by any conduct of Defendants, whether by omission, commission, or on the basis of negligence, vicarious liability, or other theory of legal liability.

### THIRD AFFIRMATIVE DEFENSE

Defendants aver that Johnson acted with reasonable care.

### FOURTH AFFIRMATIVE DEFENSE

Defendants aver that the damages claimed by Plaintiff are not related to the alleged accident sued upon.

### FIFTH AFFIRMATIVE DEFENSE

Defendants aver that the damages of Plaintiff, if any, are due to a preexisting injury, condition, lesion or disease.

### SIXTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiffs failed to mitigate her losses, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants aver that any injuries or damages sustained by Plaintiff were caused or contributed to by unforeseen intervening or superseding causes.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants aver that the damages sought by Plaintiff are too speculative to warrant recovery.

### NINTH AFFIRMATIVE DEFENSE

Defendants aver that the emotional distress suffered by Plaintiff, if any, was not reasonably foreseeable.

### TENTH AFFIRMATIVE DEFENSE

Defendants aver that they have not breached any obligation or duty allegedly owed to Plaintiffs, to the extent any exist under applicable laws and regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants specifically reserve the right to plead and assert additional affirmative defenses after further discovery and investigation have been conducted, and Megabus intends to avail itself of all constitutional, statutory, and jurisprudential defenses.

### JURY DEMAND

Defendants request trial by jury.

**WHEREFORE**, Megabus Southeast, prays this Answer be deemed good and sufficient, that this matter be tried before a civil jury, and that after the proceedings are had, there be judgment in Defendant's favor. Defendants further pray for all further general and equitable relief, including trial by jury.

Respectfully submitted,

PERRIER & LACOSTE, LLC

_____
GUY D. PERRIER, T.A., #20323
gperrier@perrierlacoste.com
CURT L. ROME, #29406
crome@perrierlacoste.com
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820; Fax: (504) 212-8825

ATTORNEYS FOR DEFENDANTS,
MEGABUS SOUTHEAST, LLC,
COACH USA, INC., GREENWICH
INSURANCE COMPANY, AND RODNEY
TURNER

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer has been served on all parties of record by facsimile transmission, E-mail and/or by depositing same in the U.S. Mail, postage pre-paid and properly addressed, this 5th day of June, 2017.

_____
CURT L. ROME

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2017-03283          DIV. "J"          SEC.: 05

KAYLA JOHNSON

VERSUS

MEGABUS SOUTHEAST, LLC; COACH USA, INC.; GREENWICH INSURANCE COMPANY; and RODNEY TURNER

FILED: _____    _____
                                      DEPUTY CLERK

### REQUEST FOR WRITTEN NOTICE

NOW INTO COURT, through undersigned counsel, come defendants Megabus Southeast, LLC, Coach USA, Inc. Greenwich Insurance Company, and Rodney Turner ("Defendants"), and in accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, requests that the Clerk of this Honorable Court provide written notice by mail at least ten (10) days in advance of any date fixed for any trial or hearing of this cause, whether on exceptions, rules, motions or the amendments thereof; and written notice of the signing of any final judgment/and or the rendition of any interlocutory order or judgment in these proceedings, as provided for in Louisiana Code of Civil Procedure Articles 1913 and 1914.

Respectfully submitted,

PERRIER & LACOSTE, LLC

_____
GUY D. PERRIER, T.A., #20323
gperrier@perrierlacoste.com
CURT L. ROME, #29406
crome@perrierlacoste.com
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820; Fax: (504) 212-8825
ATTORNEYS FOR DEFENDANTS,
MEGABUS SOUTHEAST, LLC,
COACH USA, INC., GREENWICH
INSURANCE COMPANY, AND RODNEY
TURNER

f:\client files\active files p&l\52186 - clr\pleadings\rfn.doc



**FILED JUN 05 2017 CLERK'S OFFICE CIVIL DISTRICT COURT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer has been served on all parties of record by facsimile transmission, E-mail and/or by depositing same in the U.S. Mail, postage pre-paid and properly addressed, this _5_ day of June, 2017.

                                          */s/ Curt L. Rome*
                                            **CURT L. ROME**